# EXHIBIT "C"

**EPPERSON & GREENIDGE, P.A.**
ATTORNEYS AT LAW

**Main Office**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

**Dietrich P. Epperson, Esq.**
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

**Andrew M. Greenidge, Esq.**
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

August 27, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Mr. Stephen M. Darby, Mrs. Paula L. Darby, and Directed Trust Company FBO Stephen M. Darby (IRA) (collectively, the "Darbys"), investors/members of Broad Street Global Fund, LLC.

On May 23, 2026, my clients received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my clients selected and are owed.

My clients reject that position. They do not consent to receiving the restricted common stock in satisfaction of their cash redemption rights or their withdrawal rights. Nothing in your May 22, 2026 update and nothing in my clients' receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of their prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my clients, and that my clients executed, amended the terms of the Operating Agreement in that it made my clients' selection of a cash redemption verses a stock redemptions **binding** and it changed the time period from when a redemption must be made from 60 days to 180 days. See Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my clients with the binding cash redemption option that they selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my clients is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **fair value** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my clients neither reflects the fair value of their capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my clients' capital account at Broad Street and have deprived my clients of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the

use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my clients because of the deprivation. My clients' current capital account balance (Equity Balance) total **$1,415,373.18**. This is a demand that you pay that sum within 30 days after receipt of this notice.

My clients expressly do not waive any rights or entitlements they have pursuant to the selection they made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my clients in, or around, November 2025.

My clients are prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ($4,246,119.54) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my clients do not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, September 28, 2026, we will proceed with litigation on our clients' behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.